Accordingly, we deny Johnston's motion for summary judgment.[5]

### ORDER

NOW, this 2nd day of November, 1994, it is hereby ordered that the motion for summary judgment filed on behalf of Hiram J. Johnston, Jr. is denied.

**George M. ATEN, Appellant,**

v.

**COMMONWEALTH of PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted July 22, 1994.

Decided Nov. 3, 1994.

its opposition brief. It is clear to this court that DOC should have filed a cross-motion for summary judgment; however, without a cross-motion, this court is prohibited from entering summary judgment in favor of DOC. *See Bensalem Township School District v. Commonwealth,* 518 Pa. 581, 544 A.2d 1318 (1988) (entry of summary judgment for non-moving party was improper).

Dennis J. Stefanik, for appellant.

David R. White, Asst. Counsel, Appellate Section, and Timothy P. Wile, Asst. Counsel In–Charge, Appellant Section for appellee.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

SMITH, Judge.

George M. Aten (Licensee) appeals from an order of the Court of Common Pleas of Washington County which dismissed his appeal from the Department of Transportation, Bureau of Driver Licensing (DOT) six-month disqualification of his commercial driver's license pursuant to Section 1611(f) of the Vehi-

cle Code, 75 Pa.C.S. § 1611(f),[1] because of a West Virginia conviction for driving a commercial motor vehicle without holding a commercial driver's license. The issues raised on appeal are whether the Pennsylvania and West Virginia offenses for driving without a commercial driver's license are essentially similar when Pennsylvania's Vehicle Code allows an exception to Section 1611(f) to avoid conviction; and whether Pennsylvania requires that the offenses be essentially similar before a commercial driver's license will be suspended for violation of the driving laws of another state.[2]

It is uncontested that Licensee was convicted in West Virginia for operating a commercial motor vehicle without holding a commercial driver's license after he was issued a citation for the offense in April 1992. Under West Virginia law, a commercial driver must have a commercial driver's license in his or her possession at all times while driving. W.Va.Code § 17E–1–7. Licensee testified that at the time of the citation he held a Pennsylvania interim Class 3 license; had taken and passed a Pennsylvania qualifying examination to convert it to a commercial driver's license, but did not receive the proper forms to obtain his commercial driver's license photo;[3] and that he sent a copy of his photo commercial driver's license to the West Virginia magistrate soon after May 5, 1992 when DOT issued Licensee's commercial driver's license. In July 1993, Licensee was stopped in West Virginia and advised that he had an outstanding citation for the April 1992 violation and was taken directly to a magistrate's office where he paid the fine.

■ Under Section 1611(h) of the Vehicle Code, a certified copy of a conviction in another state for an essentially similar offense shall be treated as if the conviction had occurred in this Commonwealth. DOT presented certified records to the trial court of Licensee's April 1992 West Virginia citation, an abstract of judgment dated July 13, 1993 confirming that he paid the fine imposed, and an August 12, 1993 notice from DOT that pursuant to Section 1611(f) Licensee was disqualified from operating a commercial vehicle for six months. Licensee appealed the notice of suspension to the trial court which articulated long-standing and well-established principles of law governing license suspension appeals and held that Licensee's appeal could not be sustained.

■ In a license suspension appeal this Court's scope of review is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or wheth-

---

1. 75 Pa.C.S. § 1611(f) of the Vehicle Code provides:

   **(f) Disqualification for failure to have CDL.**—The department shall disqualify any person from driving a commercial motor vehicle for six months upon receiving a certified record of the person's conviction of violating section 1606(a), except as provided in 1606(d)(6).
   75 Pa.C.S. § 1606(a) provides in pertinent part:
   **(a) When required.**—No person, ... shall drive a commercial motor vehicle unless the person has been issued and is in immediate possession of a valid commercial driver's license....
   75 Pa.C.S. § 1606(d)(6) provides in pertinent part:
   (6) No person shall be convicted of violating subsection (a) if the person produces at the office of the issuing authority within 15 days of the violation:
   (i) a commercial driver's license valid in this Commonwealth at the time of the violation;
   ...

2. Section 1611(h) provides:

   (h) **Conviction in Federal court or another state.**—For purposes of the provisions of this section, a copy of a certified record of conviction or a copy of a certified record of administrative adjudication from a Federal court or another state for an offense essentially similar to those offenses which would result in disqualification in this section shall be treated by the department as if the conviction had occurred in this Commonwealth.

3. Licensee presented a September 19, 1993 letter from DOT confirming his compliance with the test requirements. In addition to confirming his compliance, the letter also noted that the commercial driver's license endorsement granted by the examiner was valid for only 120 days after he completed his examination requirements; on December 2, 1991, his interim license was decertified and converted to a non-commercial Class C driver's license which does not qualify a person to drive a commercial motor vehicle. Licensee testified that after receiving the West Virginia citation, he contacted DOT to obtain the proper forms to process his photo commercial driver's license.

er the trial court's determinations demonstrate an abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Tarnopolski*, 533 Pa. 549, 626 A.2d 138 (1993). Courts of this Commonwealth have consistently recognized that a license suspension is a collateral civil consequence of a criminal conviction and in an appeal from the suspension, a licensee may not attack the validity of the underlying criminal conviction. *Commonwealth v. Duffey*, 536 Pa. 436, 639 A.2d 1174, *cert. denied*, —— U.S. ——, 115 S.Ct. 223, —— L.Ed.2d —— (1994). The only relevant issues in a civil license suspension appeal are whether the motorist was in fact convicted and whether DOT acted in accordance with applicable law. *Amoroso v. Department of Transportation, Bureau of Driver Licensing*, 152 Pa.Commonwealth Ct. 215, 618 A.2d 1171 (1992).

■ Licensee maintains that because the exception to Section 1611(f) of the Vehicle Code allows a licensee to avoid conviction by producing a commercial driver's license within fifteen days of a violation of Section 1606(a), his West Virginia offense is not essentially similar to the offense which would result in disqualification under Section 1611(f). He contends that the legislature made a specific exception to the Pennsylvania statute to prevent a driver who possesses a commercial driver's license from being convicted under Section 1606(a) and that no such exception exists to the West Virginia law. The argument that because of this distinction the two offenses are not essentially similar unfortunately misses the issue. That Section 1611(f) provides an exception to disqualification of a commercial driver in Pennsylvania is inconsequential in determining whether elements of the offenses are essentially similar, specifically where the driver lacks a valid commercial driver's license at the time of the offense and was unable to produce one within fifteen days of the offense to avoid disqualification. Moreover, Licensee cites no authority to augment his argument nor has he demonstrated to the Court that he would not have been convicted had the offense been committed in Pennsylvania.

■ Licensee also contends that the trial court compared the punishments between West Virginia and Pennsylvania law to determine if the offenses are essentially similar and that the court erred because it failed to compare the language of each offense to decide if they are essentially similar. This contention misstates the trial court's decision. The trial court appropriately clarified that it is the "offense" and not the statute of the other state which must be essentially similar to the offense proscribed in Pennsylvania. Licensee was convicted in West Virginia of driving a commercial motor vehicle without holding a commercial driver's license; his offense is essentially similar to the offense set forth in Section 1606(a) of the Vehicle Code which prohibits a person from driving a commercial motor vehicle unless he or she has been issued and is in immediate possession of a valid commercial driver's license.

In *Commonwealth v. Whisnant*, 390 Pa.Superior Ct. 192, 568 A.2d 259 (1990), the Superior Court considered the question of Pennsylvania DUI offense equivalency with a substantially identical driving while under the influence statute in New Jersey; the court wrote that the critical focus of inquiry is on the elements of the offense. In *Commonwealth v. Bolden*, 367 Pa.Superior Ct. 333, 532 A.2d 1172 (1987), the court found offense equivalency after examining both the nature and definition of burglary offenses under Pennsylvania and Colorado penal statutes, reiterating that the fundamental inquiry is on the elements of the offense.

This Court finds little distinction, if any, between the elements of the motor vehicle offenses in the case sub judice; in both, a commercial driver who operates a commercial motor vehicle without "holding" or being "in immediate possession" of a valid commercial driver's license commits an offense under West Virginia law or the Vehicle Code, respectively. Thus whether a driver is "holding" a valid commercial driver's license or is "in immediate possession" of one is irrelevant to the inquiry as elements of the Pennsylvania and West Virginia offenses are essentially similar.

■ Notwithstanding the challenges raised, the net effect of Licensee's appeal

amounts to a collateral attack on the underlying conviction. Licensee did not appeal the West Virginia conviction and may not presently do so before this Court to defeat his disqualification under Section 1611(f) of the Vehicle Code. Licensee paid the West Virginia fine which constituted a guilty plea, *Department of Transportation, Bureau of Driver Licensing v. McBrearty,* 123 Pa.Commonwealth Ct. 257, 553 A.2d 1036 (1989); and having been convicted of the motor vehicle offense charged, neither this Court nor the trial court may examine circumstances of the underlying conviction. *See Duffey; Department of Transportation, Bureau of Traffic Safety v. Calloway,* 60 Pa.Commonwealth Ct. 647, 432 A.2d 322 (1981). The trial court's order dismissing Licensee's appeal is affirmed.

## ORDER

AND NOW, this 3rd day of November, 1994, the order of the Court of Common Pleas of Washington County is affirmed.