**Charles RUTKOWSKI, Appellant,**

v.

**Commonwealth of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted June 8, 2001.

Decided July 19, 2001.

Craig A. Sopin, Philadelphia, for appellant.

Timothy P. Wile, Asst. Counsel-in-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before SMITH and FRIEDMAN, JJ., and McCLOSKEY, Senior Judge.

SMITH, Judge.

This matter is before the Court on the appeal of Charles Rutkowski (Appellant) from the order of the Court of Common Pleas of Chester County, which dismissed Appellant's statutory appeal of his one-year license suspension by the Department of Transportation, Bureau of Driver Licensing (Department). The suspension was imposed pursuant to Section 1532(b)(3) of the Vehicle Code, as amended, 75 Pa.C.S. § 1532(b)(3), and Article IV(a)(2) of the Driver's License Compact, 75 Pa.C.S. § 1581, Art. IV(a)(2). Appellant's statutory appeal was dismissed by the trial court as a result of Appellant's failure to comply with the requirements of Pa. R.A.P. 1513(a) in his statutory appeal petition by stating the specific objections that he intended to raise at the de novo hearing.

On December 26, 2000, the Department notified Appellant that his operating privilege was being suspended for one year as a result of his conviction in New Jersey for the offense of driving under the influence (DUI), an offense the Department contended was similar to a conviction for violating Section 3731(a) of the Vehicle Code,

as amended, 75 Pa.C.S. § 3731(a). On January 17, 2001, Appellant's counsel filed a petition to appeal from the Department's order of suspension pursuant to Section 1550 of the Vehicle Code, as amended, 75 Pa.C.S. § 1550.[1] Appellant claimed in his statutory appeal petition that the Department's suspension of his operating privilege was "illegal, arbitrary, unreasonable, an abuse of discretion and contrary to law."

The trial court scheduled a hearing on Appellant's appeal for March 1, 2001, but by order dated February 28, 2001, the trial court sua sponte denied Appellant's appeal on the grounds that he failed to set forth in his petition a general statement of the objections to the Department's order pursuant to Pa. R.A.P. 1513(a). The rule requires that a "petition for review" contain, among other things, a statement of the basis for the court's jurisdiction, a general statement of the objections to the order or other determination under review and a short statement of the relief sought. The rule also provides that the statement of objections shall be deemed to include every subsidiary question that is fairly comprised within the statement. The trial court noted that Appellant's statement of objections did not afford either the trial court or the Department any indication of what issues would be raised at the de novo hearing nor did it allow the trial court or

---

1. Section 1550(a) and (c) of the Vehicle Code provide as follows:

   (a) **General Rule.**—Any person who has been denied a driver's license, whose driver's license has been canceled or whose operating privilege has been recalled, suspended, revoked or disqualified by the department shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure). The appellant shall serve a copy of the petition for appeal, together with

a copy of the notice of the action from which the appeal has been taken, upon the department's legal office.

   . . . .

   (c) **Proceedings of court.**—The court shall set the matter for hearing upon 60 days' written notice to the department and determine whether the petitioner's driver's license should be denied or canceled, the petitioner's operating privilege should be suspended, revoked or recalled or the petitioner's endorsement should be removed.

the Department to prepare for the hearing.

■ This Court has previously held that a driver is entitled to a de novo hearing before the trial court on a statutory appeal from an operating privilege suspension before the court may dispose of the appeal. *Liebler v. Department of Transportation, Bureau of Traffic Safety,* 83 Pa.Cmwlth. 270, 476 A.2d 1389 (1984). In accordance with Section 1550 of the Vehicle Code, a driver's right to a de novo hearing is mandatory, and a trial court cannot dispose of the driver's statutory appeal from a license suspension or revocation without holding such a hearing. *Department of Transportation, Bureau of Traffic Safety v. Quinlan,* 47 Pa.Cmwlth. 214, 408 A.2d 173 (1979). A de novo hearing is required to satisfy due process guarantees regarding the Department's suspension action. *Liebler.* The Pennsylvania Supreme Court recently upheld this right to a de novo hearing in *Harrington v. Department of Transportation, Bureau of Driver Licensing,* 563 Pa. 565, 763 A.2d 386 (2000). *See also Department of Transportation, Bureau of Driver Licensing v. Clayton,* 546 Pa. 342, 684 A.2d 1060 (1996).

■ Appellant was not required to conform his statutory appeal petition to the requirements of Pa. R.A.P. 1513(a) to obtain a de novo hearing before the trial court. That rule relates to appeals to appellate courts. *See* Pa. R.A.P. 103. Jurisdiction in license suspension appeals is vested in the courts of common pleas pursuant to Section 933(a)(1)(ii) of the Judicial Code, *as amended,* 42 Pa.C.S. § 933(a)(1)(ii). Review of a license suspension is accomplished by statutory appeal to the courts of common pleas, not by petition for review as required when appealing to this Court under the Rules of Appellate Procedure.[2] The statutory appeal is not a fact pleading process, and, in any event, the Department bears the initial burden of proof to establish a prima facie case with respect to the suspension. This burden remains with the Department to prove each element of its case by a preponderance of the evidence. *Sebek v. Department of Transportation, Bureau of Driver Licensing,* 714 A.2d 526 (Pa. Cmwlth.1998).

The Department suggests in its brief that the trial court may have erred in dismissing Appellant's appeal without holding a de novo hearing, but the Department nonetheless contends that Appellant failed to properly give a more detailed notice of his objections to the suspension or the affirmative defenses that he intended to present at hearing. The Department acknowledges, however, that the Rules of Appellate Procedure relied upon by the trial court do not apply to Appellant's statutory appeal. The Court agrees that the trial court erred in applying Pa. R.A.P.

---

2. By analogy, Appellant cites *Appeal of Borough of Churchill,* 525 Pa. 80, 575 A.2d 550 (1990). The Supreme Court held in that case that trial courts have the right to enact rules and to publish those rules to cover practice in the area of statutory appeals. Where trial courts have not created and published local rules, each trial court is vested with full power and authority to make rules of practice for the proper disposition of the cases before the court. The general, inherent power of all courts to regulate their own practice is recognized in this Commonwealth. Moreover, the Rules of Civil Procedure do not apply to statutory appeals. *See also Tanglwood Lakes Community Association v. Pike County Board of Assessment and Revision of Taxes,* 164 Pa. Cmwlth. 170, 642 A.2d 581 (1994). This Court has reiterated, more recently, the principle that the Rules of Civil Procedure do not apply to statutory appeals and that an appellant need not plead specific facts in a notice of appeal. *Knopsnider v. Derry Township Board of Supervisors,* 725 A.2d 245 (Pa. Cmwlth.1999).

1513(a) to Appellant's statutory appeal and *sua sponte* dismissing the appeal based on that rule.

The Court concludes from its review of case law that an appellant is not required to specifically state in a statutory appeal from a license suspension by the Department the defenses that the appellant may present at hearing, the legal theories of the case or a detailed statement of what laws the Department violated. *See, e.g., Knopsnider v. Derry Township Board of Supervisors,* 725 A.2d 245 (Pa.Cmwlth. 1999). Nor is an appellant required to provide a detailed statement of objections to enable the Department or the trial court to prepare for the de novo hearing. The Department bears the initial burden of proof. Inasmuch as Appellant gave proper and timely notice of his objections to the license suspension, it was incumbent upon the trial court to conduct a de novo hearing in the matter. The trial court erred in failing to do so, and its order therefore is reversed, and the case is remanded for de novo hearing.

### ORDER

AND NOW, this 19th day of July, 2001, the order of the Court of Common Pleas of Chester County is hereby reversed, and this case is remanded to the court for a de novo hearing on Appellant's statutory appeal from the suspension of his operating privilege.

Jurisdiction is relinquished.