**Linda MULLIN, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Department of Transporportation, Bureau of Driver Licensing.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 24, 2001.

Decided Nov. 7, 2001.

Craig M. Kellerman, Norristown, for appellant.

Timothy P. Wile, Asst. Counsel In–Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before SMITH, J., KELLEY, J., and JIULIANTE, Senior Judge.

SMITH, Judge.

Linda Mullin appeals from an order of the Court of Common Pleas of Chester County, which dismissed Mullin's statutory appeal of her one-year license suspension by the Department of Transportation, Bureau of Driver Licensing (DOT). Both parties agree that the trial court committed an error of law by sua sponte summarily dismissing Mullin's statutory appeal on remand without a hearing. Mullin again requests the Court to remand this matter to the trial court for a de novo hearing on her statutory appeal.

On December 28, 1999, Mullin received notice of a one-year license suspension from DOT pursuant to Section 1550 of the Vehicle Code, 75 Pa.C.S. § 1550, arising from her November 27, 1999 arrest for driving under the influence and her alleged refusal to submit to a blood test. Mullin filed a timely appeal to the trial court on January 26, 2000. The trial court scheduled a hearing for May 18, 2000, but on May 17, 2000 the trial court entered an order sua sponte dismissing her statutory appeal on grounds that she failed to state specific grounds for the appeal in her petition. Mullin filed an appeal to this Court, and, upon consideration of a joint motion, the Court vacated the trial court's order, reinstated Mullin's statutory appeal and remanded the matter to the trial court. On remand the trial court again sua sponte summarily denied Mullin's statutory appeal without affording her a hearing.

■ This Court recently addressed this same issue in *Rutkowski v. Department of Transportation, Bureau of Driver Licensing,* 780 A.2d 860 (Pa.Cmwlth.2001), where the Court of Common Pleas of Chester County sua sponte summarily denied a driver's statutory appeal from a one-year license suspension on grounds that the driver had failed to state specific grounds for the appeal in the driver's petition for

appeal. This Court reversed the trial court, explaining that a driver is not required to specifically state in a statutory appeal from a license suspension the defenses that the driver may present at hearing, the legal theories of the case or a detailed statement of what laws DOT violated. The driver is entitled to a de novo review by the trial court, and the trial court erred in sua sponte denying the appeal without a hearing.

In its "Statement of the Court" filed on March 2, 2001, the trial court noted that on December 14, 2000 Commonwealth Court ordered a remand of the case based upon its consideration of a joint motion of the parties to vacate the trial court's dismissal of Mullin's statutory appeal. The trial court further stated as follows: "[W]e will not accept a reversal by the two attorneys involved in this case. Because our Order of May 17, 2000 was Sua Sponte, when the two attorneys agreed to have the dismissal of the appeal vacated and the matter remanded, the attorneys were in fact reversing us with regard to our original Sua Sponte Order of May 17, 2000." *Id.* The trial court evidently concluded on its own that this Court's order was invalid because it was premised upon a joint motion by counsel, and the court therefore elected to ignore the order.

■ Whether premised upon a joint motion of counsel or otherwise, this Court's order is not to be disregarded because the trial court disagrees with the underlying basis for the order. A trial court is "without power to modify, alter, amend, set aside or in any manner disturb or depart from the judgment of the reviewing court as to any matter decided on appeal." *Haefele v. Davis,* 380 Pa. 94, 98, 110 A.2d 233, 235 (1955). The trial court's order is reversed again, and this matter is remanded to the trial court to hold a de novo hearing

on Mullin's statutory appeal as it was previously ordered to do.

### ORDER

AND NOW, this 7th day of November, 2001, the order of the Court of Common Pleas of Chester County is hereby reversed, and this case is remanded to the court to hold a de novo hearing within 60 days from the date of this order on Linda Mullin's statutory appeal from the suspension of her operating privilege.

Jurisdiction is relinquished.