Joseph M. HYER, Appellant

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 29, 2008.

Decided Sept. 30, 2008.

808

Barbara A. Darkes, Harrisburg, for appellant.

Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Joseph M. Hyer (Hyer) appeals from an order of the Court of Common Pleas of Susquehanna County (trial court) denying his appeal from a one-year "disqualification" of his commercial driving privilege by the Pennsylvania Department of Transportation (PennDOT) Bureau of Driver Licensing (Bureau) due to his conviction in the state of Maine for operating a commercial motor vehicle when his commercial license had been withdrawn.

By official notice, the Bureau notified Hyer that he was disqualified for a period of one year to exercise his commercial driving privilege because on June 14, 2007, he had been adjudicated guilty of driving a commercial motor vehicle (CMV) in Maine while his commercial driver's license (CDL) was withdrawn on March 7, 2007. The violation noted was a violation corresponding to B20 of the American Association of Motor Vehicle Administrators (AAMVA) Code Dictionary. PennDOT considered the B20 violation to be similar to violating 75 Pa.C.S. § 1606(c), requiring a one year suspension under 75 Pa.C.S. § 1611(a)(6) and § 1611(h).[1] Hyer appealed the disqualification to the trial court.

---

1. 75 Pa.C.S. § 1611(a)(6) provides for:

(a) Disqualification for first violation of certain offenses.—Upon receipt of a report of conviction, the department shall, in addition to any other penalties imposed under this title, disqualify any person from driving a commercial motor vehicle or school vehicle for a period of one year for the first violation of:

\* \* \*

(6) section 1606(c) (relating to requirement for commercial driver's license), while their driving privilege is suspended, revoked, canceled or recalled or while subject to disqualification or in violation of an out-of-service order; or

under 75 Pa.C.S. § 1611(h),

(h) Conviction in Federal court or another state.—For purposes of the provisions of this section, a copy of a report of conviction or a copy of a report of administrative adjudication from a Federal court or another state for an offense similar to those offenses which would result in disqualification in this section shall be treated by the department as if the conviction had occurred in this Commonwealth. A conviction for negligent homicide shall be treated as similar to either a conviction for violating 18 Pa.C.S. § 2504 or a conviction for violating section 3732 for purposes of the provisions of this section.

Before the trial court, the Bureau offered into evidence Commonwealth's Exhibit 1, which was admitted without objection. Exhibit 1 contained a certification page, a copy of the notice of disqualification, a copy of an "out of state conviction list," a "traffic safety inquiry," a copy of a "CDL holder date span inquiry list," a copy of the form used by a disqualified commercial driver to obtain a regular driver's license, a certification statement, and Hyer's certified driving history. The "traffic safety inquiry" document stated that Hyer was convicted of "ACD: B20 Driving W/Lic Withdrawn" and that the violation occurred in a "CMV," commercial motor vehicle. None of the documents referenced the Maine statute under which he was convicted of driving while his commercial license was withdrawn.

The Bureau's counsel then asked the trial court judge to take judicial notice of the April 2005 edition of the AAMVA Code Dictionary, indicating that B20 related to driving while a license was withdrawn. Hyer's counsel objected to the trial court taking judicial notice of the document or to its admittance into evidence because the AAMVA Code Dictionary was not a government publication, thereby making it hearsay. The Bureau's counsel maintained that the AAMVA Code Dictionary was not being offered only to explain the coding, but also for the purpose that Penn-DOT and other states used it to determine the nature of the violation when transmitting convictions to other states where an operator had driving privileges so that the state could take reciprocal action when a sister state submitted a report. Hyer's counsel also voiced concern that the Bureau's copy of the AAMVA Code Dictionary was not current and that she possessed the most recent copy of it. Without being requested to do so by the Bureau, the trial judge then admitted the Bureau's copy of the AAMVA Code Dictionary into evidence as Commonwealth Exhibit 2. After the Bureau rested, Hyer's counsel produced no testimony, and without objection, her copy—the April 2005 Manual Release 2.1.0 version of the AAMVA Code Dictionary, was admitted into evidence as Plaintiff's Exhibit 1.

The trial court found that although the AAMVA Code Dictionary was not a government publication, several states used the AAMVA Code Dictionary as a guidepost to determine what out-of-state offense was comparable to an in-state offense. Because the AAMVA Code Dictionary was not admitted to prove the truth of the matter asserted—that Hyer had been convicted of driving without a CDL in the state of Maine, but to show that the suspension suggested by the Bureau was based on guidelines previously published, the trial court found that the document was not hearsay under Pa. R.E. 801(c). Holding that the offense described in B20 of the AAMVA Code Dictionary was substantially similar to 75 Pa.C.S. § 1606(a), it affirmed the Bureau's disqualification of Hyer's CDL for one year. Hyer then appealed to this Court.[2]

■ On appeal, Hyer maintains that the trial court erred in admitting the Commonwealth's AAMVA Code Dictionary (Commonwealth Exhibit 2)[3] because it was

**2.** Our scope of review is to determine whether the trial court's findings of fact were supported by competent evidence, whether the trial court committed an error of law, or whether the trial court committed an abuse of discretion. *Department of Transportation, Bu-*

*reau of Driver Licensing v. Barco,* 656 A.2d 544 (Pa.Cmwlth.1994).

**3.** Hyer also contends that the Commonwealth's AAMVA Code Dictionary (Exhibit 2) should not have been admitted because it was not properly authenticated. Because Hyer's

offered to establish that the B20 referenced in the out-of-state conviction report was the offense of "driving while a license was withdrawn," and was offered to prove the truth of the matter asserted, making it inadmissible hearsay.[4] However, the Bureau only asked the trial court to take judicial notice of the AAMVA Code Dictionary to explain the violation described in B20, not for any other purpose.

The genesis of the AAMVA Code Dictionary arises out of the Commercial Motor Vehicle Safety Act (CMVSA) of 1986, 49 U.S.C. Chapter 313, which provides, among other things, that a driver who has been disqualified from operating a CMV by his home state is unable to obtain a CDL in another jurisdiction. To support the CMVSA, the AAMVA Code Dictionary was developed to assist states in exchanging conviction and withdrawal information between licensing authorities. The AAMVA Code Dictionary is used by many states to determine the comparability of out-of-state offenses with in-state offenses, and its primary function is to enable the Commercial Drivers' License Information System (CDLIS) to exchange convictions and withdrawals. It is an interpretative tool for states involved in the Driver License Compact of 1961, 75 Pa.C.S. § 1581, to "translate" the nature of a conviction reported by a sister state. Because its origin and purpose make it the type of document of which judicial notice can be taken as it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," it was properly admitted. Pa. R.E. 201(b)(2). Moreover, in this case, the AAMVA Code Dictionary was only offered to explain what conduct fell within a B–20 violation as used in the "traffic safety inquiry" document contained in Commonwealth Exhibit 1. For that limited purpose, there was no error in using the AAMVA Code Dictionary to explain a B20 violation, assuming that the applicable edition was used.

If the use of the AAMVA Code Dictionary was not improper, Hyer then argues that the Bureau failed to prove that the Maine offense was similar to the offense listed at 75 Pa.C.S. § 1606(c)(1) because a B20 violation translates to a violation of 75 Pa.C.S. § 1501(a),[5] which relates to driver's requirements to be licensed, rather than 75 Pa.C.S. § 1606(c)(1), which relates to driving a commercial motor vehicle while one's CDL is suspended.[6] Because

counsel never objected to the trial court's admission of PennDOT's version of the AAMVA Code Dictionary on authentication grounds during the hearing, that objection cannot now be raised and is waived. Pa. R.A.P. 302(a); *Roselle v. Department of Transportation, Bureau of Driver Licensing,* 865 A.2d 308 (Pa.Cmwlth.2005).

4. A trial court has broad discretion to determine whether evidence is admissible, and we will not reverse a trial court's ruling absent an abuse of discretion. *Commonwealth v. Cook,* 544 Pa. 361, 676 A.2d 639 (1996). Hearsay is defined as a "statement, other than one made by the declarant while testifying at a trial or hearing, offered into evidence to prove the truth of the matters asserted," and may not be admitted absent an exception. *See* Pa. R.E. 801(c).

5. 75 Pa.C.S. § 1501(a) provides:

(a) General rule.—No person, except those expressly exempted, shall drive any motor vehicle upon a highway or public property in this Commonwealth unless the person has a driver's license valid under the provisions of this chapter. As used in this subsection, the term "public property" includes, but is not limited to, driveways and parking lots owned or leased by the Commonwealth, a political subdivision or an agency or instrumentality of either.

6. Hyer does not raise the issue of the similarity of the actual Maine statute he was convicted of violating to the Pennsylvania statute. Hyer only argues that the AAMVA B20 code is not substantially similar to 75 Pa.C.S. § 1606(c)(1), and the record is devoid of any

of that mistake, Hyer argues that the Bureau failed to show that the Maine and Pennsylvania violations were similar.

 The Bureau must prove that the out-of-state offense was similar to an offense that would have resulted in disqualification of the CDL had the offense occurred in Pennsylvania. *See Aten v. Department of Transportation, Bureau of Driver Licensing*, 168 Pa.Cmwlth. 251, 649 A.2d 732 (1994). The "traffic safety inquiry" document offered in Commonwealth Exhibit 1 states that Hyer was convicted of "ACD: B20 Driving W/Lic Withdrawn" and that the violation occurred in a "CMV." According to the April 2005 AAMVA Code Dictionary in Commonwealth Exhibit 2, B20 refers to "Driving while license withdrawn." Plaintiff's Exhibit 1, the April 2005 Manual Release 2.1.0 version, the more recent version of the AAMVA Code Dictionary, states that a "driving while license withdrawn" violation does not exist, but notes that under the federal Motor Carrier Safety Improvement Act of 1999, P.L. 106–159, 113 Stat. 1748, 49 U.S.C. § 101, this is a new offense found at 49 CFR § 385.51(b)(7). That section provides that a "driver or holder of a CDL who is disqualified must not drive a CMV."

We find that under either version, there is substantial evidence to conclude that Hyer was convicted of driving a CMV without a CDL, and that such an action is akin to a violation of 75 Pa.C.S. § 1606(c)(1), relating to driving without a CDL, and this violation requires that the Bureau suspend the violator's license. Hyer offered no testimony or evidence other than the updated version of the AAMVA Code Dictionary at the hearing, and, therefore, did not rebut the Bureau's *pri-*

*ma facie* evidence. Accordingly, the trial court did not commit an error of law or an abuse of discretion in denying Hyer's appeal, and its order is affirmed.

### O R D E R

AND NOW, this 30th day of September, 2008, the January 23, 2008 order of the Court of Common Pleas of Susquehanna County is affirmed.

---

indication of the actual Maine statute violated. Ideally, this Court would compare the Maine statute to the Pennsylvania statute.

Because the argument was not raised by Hyer, we will only examine the similarity of the B20 code to 75 Pa.C.S. § 1606(c)(1).