Daniel M. SHEWACK

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 5, 2010.

Decided April 14, 2010.

Philip M. Bricknell, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Bruce S. Miller, Hazleton, for appellee.

BEFORE: LEADBETTER, President Judge, SIMPSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge SIMPSON.

In this statutory appeal, the Department of Transportation, Bureau of Driver Licensing (PennDOT) asks whether the Court of Common Pleas of Luzerne County (trial court) erred in sustaining Daniel M. Shewack's (Licensee) appeal of the one-year disqualification of his commercial

original complaint against Appellee, as well as Appellee's new matter against Appellants.

driver's license (CDL). PennDOT imposed the disqualification pursuant to Section 1611(h) of the Uniform Commercial Driver's License Act, 75 Pa.C.S. § 1611(h) (conviction in federal court or another state of an offense similar to offenses that would result in disqualification in the Commonwealth). PennDOT argues the trial court erred in determining Licensee's out-of-state offense was not similar to the Pennsylvania offense, and Licensee's appeal represented an impermissible collateral attack on his underlying out-of-state conviction. Upon review, we affirm.

In 1999, Licensee received a citation in New York for operating a commercial motor vehicle (CMV) without a registration tag affixed to the trailer. Licensee did not appear at the hearing on the citation; as a result, the State of New York suspended Licensee's commercial operating privileges for failure to attend the hearing.

In 2008, Licensee was operating a CMV in Maryland when he was stopped and issued several citations. Ultimately, Licensee pled guilty to driving a motor vehicle while his license was suspended in another state for failure to appear or pay a fine. *See* Md.Code Ann., Transp. § 16–303(i). The State of Maryland notified PennDOT of Licensee's conviction.

Shortly thereafter, PennDOT issued Licensee notice of a one-year disqualification of his CDL. Licensee filed a statutory appeal with the trial court.

At hearing, PennDOT produced a packet of certified documents including proof of Licensee's Maryland conviction. PennDOT also requested the trial court take judicial notice of the American Association of Motor Vehicle Administrators (AAMVA) Code Dictionary.[1] Specifically, PennDOT noted Licensee's violation was a violation corresponding to B26 of the AAMVA Code Dictionary, which pertained to driving with a suspended license.

For his part, Licensee testified he received a citation in New York in 1999. He explained he gave the citation to his employer at the time, and the employer indicated it "would take care of the ticket." Reproduced Record (R.R.) at 30a. Licensee indicated he heard nothing further regarding the New York citation until he was stopped in Maryland in 2008, and, as a result, he was unaware his New York operating privileges were suspended for failure to appear on that citation. Licensee acknowledged he pled guilty to the Maryland charge of driving with a suspended license based on his failure to appear and pay a fine in New York.

---

1. In *Hyer v. Department of Transportation, Bureau of Driver Licensing*, 957 A.2d 807, 810 (Pa.Cmwlth.2008), this Court explained the AAMVA as follows:

    The genesis of the AAMVA Code Dictionary arises out of the Commercial Motor Vehicle Safety Act (CMVSA) of 1986, 49 U.S.C. Chapter 313, which provides, among other things, that a driver who has been disqualified from operating a CMV by his home state is unable to obtain a CDL in another jurisdiction. To support the CMVSA, the AAMVA Code Dictionary was developed to assist states in exchanging conviction and withdrawal information between licensing authorities. The AAMVA Code Dictionary is used by many states to determine the comparability of out-of-state offenses with in-state offenses, and its primary function is to enable the Commercial Drivers' License Information System (CDLIS) to exchange convictions and withdrawals. It is an interpretive tool for states involved in the Driver License Compact of 1961, 75 Pa.C.S. § 1581, to "translate" the nature of a conviction reported by a sister state. Because its origin and purpose make it the type of document of which judicial notice can be taken as it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," it was properly admitted. Pa.R.E. 201(b)(2).

Licensee also submitted documentary evidence, including a copy of the New York citation, and a "Defendant Trial Summary" from the District Court of Maryland for Washington County, which set forth the disposition of the citations Licensee received in Maryland. This document indicates Licensee was convicted of driving a *motor vehicle* while his licensee was suspended in another state for failure to appear or pay a fine. R.R. at 62a. Significant for our analysis, the document also indicates the remaining charges, including a charge of operating a *CMV* after having been disqualified or suspended in New York, were *nolle prossed.* R.R. at 62a–63a.

Before the trial court, PennDOT argued the offense to which Licensee pled guilty in Maryland was similar to the Pennsylvania statute, resulting in a one-year disqualification. PennDOT further argued Licensee could not collaterally attack his Maryland conviction. PennDOT asserted this Court's decision in *Hyer v. Department Transportation, Bureau of Driver Licensing,* 957 A.2d 807 (Pa.Cmwlth.2008), was controlling and required the trial court to deny Licensee's appeal.

Licensee asserted that, contrary to PennDOT's contentions, the statute he was convicted of violating in Maryland was not similar to the offense described in the Pennsylvania statute.

Ultimately, the trial court issued an order sustaining Licensee's appeal. The trial court stated PennDOT did not prove the Maryland offense was similar to an offense that would have resulted in disqualification of Licensee's CDL had the offense occurred in Pennsylvania. *See Aten v. Dep't of Transp., Bureau of Driver Licensing,* 168 Pa.Cmwlth. 251, 649 A.2d 732 (1994).

PennDOT appealed. The trial court issued an order requiring PennDOT to file a Statement of Matters Complained of on Appeal, which it did.

The trial court subsequently issued an opinion in support of its order in which it stated PennDOT bore the burden of proving the offense Licensee was convicted of was similar to a Pennsylvania offense. The trial court noted PennDOT's failure to produce a copy of the Maryland statute hindered the trial court's ability to make such a determination. The trial court indicated the documents Licensee produced at the hearing revealed the Maryland and Pennsylvania statutes were not similar. Thus, the trial court sustained Licensee's appeal and reinstated his CDL. This matter is now before us for disposition.

On appeal,[2] PennDOT raises two issues. First, PennDOT argues it is required to disqualify the CDL of a license holder who is convicted of an out-of-state offense that is essentially similar to an offense that warrants disqualification in Pennsylvania, even if the relevant out-of-state and Pennsylvania statutes have minor differences. *Aten.* In addition, PennDOT argues a CDL holder may not use the appeal of the disqualification of that license to collaterally attack an underlying conviction for a motor vehicle violation.

█ PennDOT first contends the offense of operating a CMV without a CDL is essentially the same in both Maryland and Pennsylvania. It asserts that when Maryland reported Licensee's conviction for that offense to it, the statute required it to impose a one-year disqualification of Licensee's CDL.

**2.** Our review is limited to determining whether the trial court's findings of fact were supported by competent evidence, whether the trial court committed an error of law, or whether the trial court committed an abuse of discretion. *Hyer.*

PennDOT maintains this Court should not look beyond Licensee's Maryland conviction to review the circumstances of that conviction; the issue is whether Licensee was convicted, not whether he should have been convicted.

PennDOT contends Licensee is incorrect when he argues that the Maryland and Pennsylvania *statutes* must be essentially similar, while this Court has held it is the actual elements of the *offense* that must be similar. *Aten.* PennDOT asserts Maryland and Pennsylvania—having both adopted the federal regulations regarding CDLs—disqualify the operating privileges of CDL holders who operate CMVs while their CDLs are suspended by other states.

Licensee responds in order for PennDOT to impose a one-year disqualification of his CDL, it must prove Section 16–303(i) of the Maryland Transportation Code and Section 1606(c) of the Uniform Commercial Driver's License Act, 75 Pa.C.S. § 1606(c), are substantially similar. Licensee acknowledges it is the actual elements of the offenses that must be similar. Licensee maintains the only similarity between the provisions at issue here is that they both concern driving under suspension. He contends the statutes are dissimilar because Section 1606 of the Uniform Commercial Driver's License Act specifically relates to CDLs while the Maryland statute does not. Licensee further contends the provisions are dissimilar because the Maryland statute specifically applies to licensees who are suspended by another state for failure to appear or failure to pay a fine, and the Pennsylvania statute contains no analog.

Licensee further responds he has not used the appeal of the disqualification of his CDL to collaterally attack his Maryland conviction. Rather, he maintains the statutes are dissimilar and that given the circumstances and equities here, his dis-

qualification will in no way promote the public health, safety and welfare.

Courts of this Commonwealth consistently recognized a license suspension is a collateral civil consequence of a criminal conviction and in an appeal from the suspension, a licensee may not attack the validity of the underlying criminal conviction. *Aten.* The only relevant issues in a civil license suspension appeal are whether the motorist was in fact convicted and whether PennDOT acted in accordance with applicable law. *Id.*

■ Thus, we agree with PennDOT that Licensee may not collaterally attack his underlying criminal conviction in this civil license suspension proceeding. *Id.; Dep't of Transp., Bureau of Driver Licensing v. Barco,* 656 A.2d 544 (Pa.Cmwlth.1994). As such, we lack authority to consider the validity of Licensee's Maryland conviction. To consider the underlying basis for that conviction would constitute an impermissible collateral attack on the conviction. Our sole inquiry is whether the offense on which Licensee was convicted in Maryland is sufficiently similar to a Pennsylvania offense so as to justify PennDOT's disqualification of Licensee's CDL.

■ For purposes of determining whether an out-of-state offense is similar to one that would result in disqualification of a CDL if the conviction occurred in Pennsylvania, it is the offense and not the statute of the other state that must be essentially similar to the offense proscribed in Pennsylvania. *Aten.* In *Aten,* this Court noted the relevant comparison is between the elements of the foreign state's statute and the elements of Pennsylvania's statute.

A review of the statutory provisions at issue is helpful in discerning the elements of the offenses. To that end, the Maryland statute provides:

## § 16–303. Driving with canceled privileges prohibited

\* \* \*

(i)(1) This subsection applies only to a person *whose license or privilege to drive is suspended under the traffic laws or regulations of another state* for:

    (i) Failure to comply with a notice to appear in a court of that state contained in a traffic citation issued to the person; or

    (ii) Failure to pay a fine for a violation of any traffic laws or regulations of that state.

(2) A person may not drive a motor vehicle on any highway or on any property specified in § 21–101.1 of this article while the person's license or privilege to drive is suspended under the traffic laws or regulations of any other state as described in paragraph (1) of this subsection.

Md.Code Ann., Transp. § 16–303(i) (emphasis added).

The Pennsylvania statute provides, as relevant:

## § 1611. Disqualification.

**(a) First violation of certain offenses.**—Upon receipt of a report of conviction, the department shall, in addition to any other penalties imposed under this title, *disqualify any person from driving a commercial motor vehicle* or school vehicle for a period of one year for the first violation of:

\* \* \*

(6) section 1606(c) (relating to requirement for *commercial driver's license* )

\* \* \*

**(h) Conviction in Federal court or another state.**—For purposes of the provisions of this section, a copy of a report of conviction or a copy of a report of administrative adjudication from a Federal court or another state for an offense similar to those offenses which would result in disqualification in this section shall be treated by the department as if the conviction had occurred in this Commonwealth. . . .

75 Pa.C.S. § 1611(a)(6), (h). Moreover, it is clear from a reading of the entire subsection (a) that all disqualifications arise where the person was a commercial driver at the time the violation occurred.

In turn, Section 1606(c) states:

## § 1606. *Requirement for commercial driver's license*

\* \* \*

**(c) Prohibitions.**—

(1) *No person shall drive a commercial motor vehicle* or a school vehicle during any period in which:

    (i) his privilege to drive a commercial motor vehicle or a school vehicle in a state has been removed for any reason, including disqualification, until the person's commercial operating privilege has been restored;

    (ii) his operating privilege is suspended, revoked, canceled or recalled until the person's operating privilege has been restored; or

    (iii) the driver or vehicle has been placed under an out-of-service order.

75 Pa.C.S. § 1606(c)(1).

Here, the offense upon which Licensee was convicted in Maryland was the offense of driving with a license suspended in another state for failure to appear or pay a fine. The Pennsylvania provision prohibits an individual from operating a CMV while his operating privilege is suspended. Thus, the Maryland provision prohibits an individual from operating a motor vehicle with a suspended license, while the Pennsylvania provision prohibits an individual from operating a CMV with a suspended

license. In essence, both provisions prohibit driving with a suspended license. However, we agree with the trial court that the two provisions are not sufficiently similar to provide PennDOT with the authority to suspend Licensee's CDL.

More particularly, the Pennsylvania provision is specific as to the type of license, CDL, and type of vehicle, CMV. In contrast, the Maryland provision upon which Licensee was convicted says nothing about driving a CMV with a suspended CDL. Thus, the out-of-state conviction of a person who is driving a family vehicle for recreational purposes satisfies the Maryland provision in question. In Pennsylvania, however, a conviction must relate to driving a commercial vehicle to trigger disqualification of a Pennsylvania commercial license, and the concomitant threat to the driver's occupation.

Had Licensee been convicted under a Maryland provision that prohibited individuals from operating a CMV while under suspension, a contrary conclusion would be warranted. Indeed, Licensee was charged with such an offense; however, the charge was *nolle prossed.* Because the charge under the similar Maryland statute was *nolle prossed,* and Licensee was convicted under a different provision, we discern no error in the trial court's decision sustaining Licensee's statutory appeal.[3]

### ORDER

**AND NOW,** this 14th day of April, 2010, the order of the Court of Common Pleas of Luzerne County is **AFFIRMED.**

---

**3.** Further, we do not believe this case is controlled by *Hyer,* upon which PennDOT relied before the trial court. In *Hyer,* PennDOT notified the licensee of the disqualification of his CDL based on his conviction for driving a CMV with a suspended CDL in Maine. PennDOT asserted the violation noted was a violation corresponding to B20 of the AAMVA Code Dictionary. The trial court agreed with PennDOT that the offense described in B20 of the AAMVA Code Dictionary was substantially similar to 75 Pa.C.S. § 1606(a), and it upheld PennDOT's disqualification of the licensee's CDL. On further appeal, we affirmed, concluding substantial evidence supported the determination that the licensee was convicted of driving a CMV without a CDL as referenced in B20 of the AAMVA Code Dictionary, and such an action was akin to a violation of 75 Pa.C.S. § 1606(c)(1), relating to driving without a CDL, which required PennDOT to suspend the licensee's CDL. Of particular import here, we stated:

[The licensee] does not raise the issue of the similarity of the actual Maine statute he was convicted of violating to the Pennsylvania statute. [The licensee] only argues that the AAMVA B20 code is not substantially similar to 75 Pa.C.S. § 1606(c)(1), and the record is devoid of any indication of the actual Maine statute violated. Ideally, this Court would compare the Maine statute to the Pennsylvania statute. Because the argument was not raised by [the licensee], we will only examine the similarity of the B20 code to 75 Pa.C.S. § 1606(c)(1).

*Hyer,* 957 A.2d at 810–11, n. 6.

Here, unlike in *Hyer,* before both the trial court and this Court, Licensee specifically asserted the Maryland offense was not similar to the Pennsylvania offense. Therefore, we decide this case based upon a comparison of the Maryland and Pennsylvania offenses.