IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Casey Jones                                  :
                                           :
                v.                          :
                                           :
Commonwealth of Pennsylvania,       :
Department of Transportation,         :
Bureau of Driver Licensing,            :    No. 1849 C.D. 2015
                         Appellant    :    Submitted: May 6, 2016


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                             FILED: August 19, 2016

The Commonwealth of Pennsylvania (Pennsylvania), Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the Erie County Common Pleas Court's (trial court) August 27, 2015 order sustaining Casey Jones' (Licensee) appeal and rescinding DOT's lifetime disqualification of Licensee's commercial operating privileges as a result of his December 2, 2014 State of Vermont (Vermont) Civil Violation Complaint (2014 Citation). The sole issue before the Court is whether the trial court erred as a matter of law by sustaining Licensee's appeal. After review, we affirm.

On September 17, 2004, Licensee was issued a Vermont Civil Violation Complaint (2004 Citation) for a log book violation. Licensee did not pay the fine for the 2004 Citation. By February 1, 2005 notice, Vermont indefinitely suspended Licensee's commercial operating privileges for failure to pay the fine.

On November 3, 2011, Licensee was charged in Pennsylvania with a violation of Section 1543(a) of the Vehicle Code (Section 1543(a)), 75 Pa.C.S. § 1543(a), for driving in Pennsylvania with a suspended license. Licensee was convicted of the Section 1543(a) violation on January 30, 2012 (2012 Conviction). By February 7, 2012 notice, in accordance with Section 1611(a) of the Vehicle Code, 75 Pa.C.S. § 1611(a), DOT disqualified Licensee from operating a commercial motor vehicle for one year. Licensee served the one-year disqualification, and DOT restored his commercial operating privileges on May 22, 2013.

On December 2, 2014, Licensee was operating a commercial motor vehicle in Vermont when he was stopped and issued the 2014 Citation for violating Section 676 of the Vermont Vehicle Code (Vermont Code), 23 V.S.A. § 676, which prohibits an individual from operating a motor vehicle with a suspended license. On December 23, 2014, Licensee admitted to violating Section 676 of the Vermont Code, and paid the accompanying penalty (2014 Conviction). By January 5, 2015 notice, pursuant to Section 1611(c) of the Vehicle Code, DOT disqualified Licensee's commercial operating privileges for life.

Licensee filed a License Suspension Appeal with the trial court on February 3, 2015 and requested a supersedeas. After a February 13, 2015 hearing, the trial court granted Licensee a supersedeas and restored Licensee's operating privileges pending the outcome of his appeal. On May 27, 2015, the trial court held an appeal hearing. On August 27, 2015, the trial court sustained Licensee's appeal because Licensee was not "convicted" of a criminal violation in Vermont, and ordered DOT to reinstate Licensee's commercial operating privileges. DOT appealed to this Court.[1]

---

[1] "Our scope of review in a license suspension case is limited to determining whether necessary findings are supported by competent evidence of record and whether the trial court committed an error of law or abused its discretion in making its decision." *Levinson v. Dep't of Transp., Bureau of Driver Licensing*, 926 A.2d 1284, 1285 n.5 (Pa. Cmwlth. 2007).

DOT argues that the trial court erred by sustaining Licensee's appeal. We disagree.

Initially, Section 1611 of the Vehicle Code provides in relevant part:

**(a) First violation of certain offenses.--Upon receipt of a report of conviction**, [**DOT**] **shall**, in addition to any other penalties imposed under this title, **disqualify any person from driving a commercial motor vehicle** or school vehicle **for a period of one year for the first violation of**:

. . . .

(6) [S]ection 1606(c) [of the Vehicle Code which expressly prohibits **driving a commercial motor vehicle when a licensee's 'privilege to drive a commercial motor vehicle . . . has been removed'**] (relating to requirement for commercial driver's license)[.]

. . . .

**(c) Two violations of certain offenses.--**Except as set forth in subsection (c.1) [relating to subsequent violations of out-of-service orders], [**DOT**] **shall disqualify for life any person convicted of two or more violations of any of the offenses specified in subsection (a)**[.]

. . . .

**(h) Conviction in** Federal court or **another state.--For purposes of the provisions of this section**, a copy of a report of conviction or **a copy of a report of administrative adjudication from** a Federal court or **another state for an offense similar to those offenses which would result in disqualification in this section shall be treated by** [**DOT**] **as if the conviction had occurred in this Commonwealth**. . . .

75 Pa.C.S. § 1611 (text emphasis added). Section 676(a) of the Vermont Code states:

**A person whose license or privilege to operate a motor vehicle has been** revoked, **suspended**, or refused by the Commissioner of Motor Vehicles for any reason other than a violation of subsection 1091(b) [(relating to gross negligence)], 1094(b) [(relating to aggravated operation

3

without consent)], 1128(b) or (c) [(relating to hit and runs causing serious bodily injury or death, respectively)], or [S]ection 1201 [of the Vermont Code (relating to operating under the influence)] or a suspension under [S]ection 1205 [of the Vermont Code (relating to refusal to submit to a test)] **and who operates or attempts to operate a motor vehicle upon a public highway before the license or privilege of the person to operate a motor vehicle has been reinstated** by the Commissioner commits a civil traffic violation.

23 V.S.A. § 676(a) (emphasis added).

At the appeal hearing, DOT established Licensee's 2012 Conviction by offering into evidence its properly-certified documents evidencing Licensee's conviction in Pennsylvania for violating Section 1543(a). Licensee did not appeal from his disqualification based thereon and, during the appeal hearing, he acknowledged that he served the disqualification. *See* Reproduced Record (R.R.) at 26a, 51a-52a. DOT also offered into evidence the documents it received from the State of Vermont to establish Licensee's 2014 Conviction. R.R at 24a, 61a-65a. Both sets of documents were admitted into evidence.

Licensee testified that he never received the 2004 Citation. R.R. at 43a. Licensee related that he was unaware his operating privileges were suspended in Vermont until he was stopped in 2014. R.R. at 45a-46a. Licensee acknowledged he pled guilty to the Vermont charge of driving with a suspended license and paid the corresponding penalty. R.R. at 48a. Consequently, the issue in this appeal is whether Licensee's December 23, 2014 admission and penalty payment for his 2014 Citation constituted a conviction that required a lifetime disqualification under Section 1611(c) of the Vehicle Code.

4

This Court was presented with virtually identical facts in *Shewack v. Department of Transportation, Bureau of Driver Licensing,* 993 A.2d 916 (Pa. Cmwlth. 2010).[2] The *Shewack* Court explained:

> For purposes of determining whether an out-of-state offense is similar to one that would result in disqualification of a [commercial driver's license] if the conviction occurred in Pennsylvania, it is the offense and not the statute of the other state that must be essentially similar to the offense proscribed in Pennsylvania. *Aten* [*v. Dep't of Transp., Bureau of Driver Licensing,* 649 A.2d 732 (Pa. Cmwlth. 1994)]. In *Aten,* this Court noted **the relevant comparison is between the elements of the foreign state's statute and the elements of Pennsylvania's statute**.

*Id.* at 919 (emphasis added). In *Shewack,* the licensee was convicted in Maryland for the offense of driving a motor vehicle with a license suspended in another state for failure to appear or pay a fine. The Pennsylvania statute prohibited an individual from operating a commercial motor vehicle while his operating privilege is suspended. Thus, the Maryland statute prohibited an individual from operating **a motor vehicle** with a suspended license, while the Pennsylvania statute prohibited an individual from operating **a *commercial* motor vehicle** with a suspended license. The Court held:

> [T]he two provisions are not sufficiently similar to provide [DOT] with the authority to suspend [the l]icensee's [commercial driver's license].
>
> More particularly, the Pennsylvania provision is specific as to the type of license, [commercial driver's license], and type of vehicle, [commercial motor vehicle]. In contrast,

---

[2] The only relevant difference between *Shewack* and the present case is that *Shewack* involved the licensee's first offense under Section 1611(a) of the Vehicle Code, rather than a second offense under Section 1611(c) of the Vehicle Code, thus, resulting in a one year disqualification of licensee's commercial driver's license, as opposed to a lifetime disqualification.

the Maryland provision upon which [the l]icensee was convicted says nothing about driving a [commercial motor vehicle] with a suspended [commercial driver's license]. Thus, the out-of-state conviction of a person who is driving a family vehicle for recreational purposes satisfies the Maryland provision in question. In Pennsylvania, however, a conviction must relate to driving a commercial vehicle to trigger disqualification of a Pennsylvania commercial license, and the concomitant threat to the driver's occupation.

*Id.* at 921.

Here, the offense upon which Licensee was convicted in Vermont was the offense of driving **a motor vehicle** with a suspended license. The Pennsylvania statute prohibits an individual from operating **a *commercial* motor vehicle** while his **commercial driver's license** is suspended. As in *Shewack*, a person who is driving a family vehicle for recreational purposes with a suspended license satisfies the Vermont statute in question, without triggering the Pennsylvania disqualification provision, "and the concomitant threat to the driver's occupation." *Id.* at 921. Accordingly, the two provisions are not sufficiently similar to provide DOT with the authority to disqualify Licensee's commercial operating privileges for life.

For all of the above reasons, we affirm the trial court's order.[3]

_____
ANNE E. COVEY, Judge

_____

[3] "This Court may affirm on grounds other than those relied on below where other grounds for affirmance exist." *Sloane v. Workers' Comp. Appeal Bd. (Children's Hosp. of Phila.),* 124 A.3d 778, 786 n.8 (Pa. Cmwlth. 2015).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Casey Jones                          :
                                     :
                                     :
              v.                     :
                                     :
Commonwealth of Pennsylvania,        :
Department of Transportation,        :
Bureau of Driver Licensing,          :     No. 1849 C.D. 2015
                          Appellant  :


## O R D E R


AND NOW, this 19th day of August, 2016, the Erie County Common Pleas Court's August 27, 2015 order is affirmed.


_____
ANNE E. COVEY, Judge