# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Francisco J. Ostos-Carrasco,      :
                                :

                  Appellant      :
                                :

          v.               : No. 643 C.D. 2017
                                : Submitted: March 23, 2018

Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Driver Licensing       :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                  **FILED: May 7, 2018**


        Francisco J. Ostos-Carrasco (Licensee) appeals from an order of the Court of Common Pleas of Lancaster County (Trial Court) denying Licensee's appeal from a notice issued by the Department of Transportation, Bureau of Driver Licensing (Department) revoking Licensee's eligibility for a Commercial Driver's License (CDL) on the grounds that Licensee was neither a U.S. citizen nor a legal permanent resident in the United States. We vacate the order of the Trial Court and remand for the Trial Court to hold a *de novo* hearing on Licensee's appeal.

        On March 17, 2017, Licensee filed a petition in the Trial Court appealing a Department "Discrepancy Correction Routing Sheet" notice (First Appeal). (Reproduced Record (R.R.) 3a-12a.) The notice, which is undated but

which Licensee alleged he received on February 24, 2017, states: "Customer is either a Mexico [sic] or Canadian citizen. Ineligible for issuance of CDL License in PA." (R.R. 8a.) Licensee argued in his petition that, while he was born in Mexico, he came to the United States as a child and is in good standing under the federal Deferred Action for Childhood Arrivals, or DACA, program and in possession of a valid United States Citizenship and Immigration Services employment authorization card and Social Security card. (R.R. 5a.) Licensee argued that the Department has misinterpreted the relevant federal regulations as prohibiting him from holding a CDL and that denial of his CDL would violate his constitutional rights. (*Id*.)

The Department also sent Licensee a letter dated March 16, 2017 related to the failure to renew his CDL, which states that a Federal Motor Carrier Safety Administration audit of the Pennsylvania CDL program identified him as having been erroneously issued a CDL based on the fact that he was a Mexican or Canadian citizen with only temporary immigration status. (R.R. 20a.) The letter further explained that he would not be able to renew his Pennsylvania CDL until he returned to his nation of origin, obtained a valid CDL in that country and then presented it to the Department. (*Id*.) Licensee filed a separate appeal of the March 16, 2017 letter (Second Appeal).

On March 29, 2017, the Trial Court issued a Rule to Show Cause in Licensee's First Appeal directing the Department to explain why the requested relief sought by Licensee in his March 17, 2017 petition for renewal of his CDL should not be granted. (R.R. 14a.) In its response to the Rule, the Department stated that it was barred from renewing Licensee's CDL by federal regulations after it learned that Licensee was not a naturalized citizen; therefore, the Department requested that the Trial Court dismiss Licensee's petition. (R.R. 16a-23a.)

On April 20, 2017, the Trial Court entered an order denying Licensee's appeal of the Department's refusal to renew his CDL. Licensee thereafter petitioned this Court for review of the order. In an October 26, 2017 opinion, the Trial Court stated that it entered the April 20, 2017 order because the Department's response to the Rule to Show Cause made clear that Licensee was not entitled to a CDL under federal regulations.

On appeal,[1] Licensee argues that the Trial Court erred by dismissing his First Appeal without holding a hearing. Licensee contends that he was entitled to a *de novo* hearing before the Trial Court regarding his appeal of the Department's decision to refuse to renew Licensee's CDL and that the Department bears the burden of proof at the hearing to show that its actions were proper. Licensee therefore requests that this Court vacate the April 20, 2017 order and remand so that the Trial Court may conduct a *de novo* hearing.

Notwithstanding the complicated procedural history in this matter, the law is clear that Licensee was entitled to a *de novo* hearing regarding his appeal of the Department's decision to not renew his CDL. Section 1550(a) of the Vehicle Code provides that

> *Any person* who has been denied a driver's license, whose driver's license has been canceled, *whose commercial driver's license designation has been removed* or whose operating privilege has been recalled, suspended, revoked or disqualified by the department *shall have the right to appeal* to the court vested with jurisdiction of such appeals

---

[1] Our scope of review is limited to determining whether the trial court's findings of fact were supported by competent evidence and whether the trial court committed legal error or abused its discretion. *Shewack v. Department of Transportation, Bureau of Driver Licensing,* 993 A.2d 916, 918 n.2 (Pa. Cmwlth. 2010).

> by or pursuant to Title 42 (relating to judiciary and judicial procedure)….[2]

75 Pa. C.S. § 1550(a) (emphasis added). Section 1550(c) further provides that in any appeal brought under Section 1550(a), "[t]he court *shall* set the matter for hearing upon 60 days' written notice to the department." 75 Pa. C.S. § 1550(c) (emphasis added). This Court has held that, before a court of common pleas may dispose of a statutory appeal under Section 1550, the lower court is required to conduct a *de novo* hearing. *Mullin v. Department of Transportation, Bureau of Driver Licensing*, 786 A.2d 331, 332 (Pa. Cmwlth. 2001); *Rutkowski v. Department of Transportation, Bureau of Driver Licensing*, 780 A.2d 860, 862 (Pa. Cmwlth. 2001); *Department of Transportation, Bureau of Driver Licensing v. Quinlan*, 408 A.2d 173, 175 (Pa. Cmwlth. 1979). A *de novo* hearing is required to satisfy the licensee's due process guarantees following the Department's action in suspending, revoking, canceling or failing to renew a license. *Rutkowski*, 780 A.2d at 862; *Liebler v. Department of Transportation, Bureau of Driver Licensing*, 476 A.2d 1389, 1390-91 (Pa. Cmwlth. 1984). In such cases, the Department bears the initial burden of proof to establish by a preponderance of the evidence that there was a basis for its action. *Zawacki v. Department of Transportation, Bureau of Driver Licensing*, 745 A.2d 701, 703 (Pa. Cmwlth. 2000); *Department of Transportation, Bureau of Driver Licensing v. Critchfield*, 305 A.2d 748, 750 (Pa. Cmwlth. 1973). In its brief, the Department agrees that Licensee is entitled to a *de novo* hearing on its denial of Licensee's renewal of his CDL and that a remand is proper.

---

[2] Pursuant to Section 933(a)(1)(ii) of the Judicial Code, jurisdiction for appeals under Section 1550 are vested in the courts of common pleas in the county of residence of the licensee. 42 Pa. C.S. § 933(a)(1)(ii).

Accordingly, the order of the Trial Court is vacated and this matter is remanded to allow the Trial Court to conduct a *de novo* hearing regarding Licensee's appeal of the refusal to renew.[3]

**JAMES GARDNER COLINS, Senior Judge**

---

[3] As it appears that the Second Appeal remains pending before the Trial Court and that the two appeals challenge the same action by the Department, the Trial Court may elect to consolidate these two matters on remand for a single *de novo* hearing.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Francisco J. Ostos-Carrasco,                          :
                                                      :
                                   Appellant          :
                                                      :
                           v.                         : No. 643 C.D. 2017
                                                      :
Commonwealth of Pennsylvania,                         :
Department of Transportation,                         :
Bureau of Driver Licensing                            :

## ORDER

AND NOW, this 7th day of May, 2018, the order of the Court of Common Pleas of Lancaster County (Trial Court) is VACATED and this matter is REMANDED for the Trial Court to hold a *de novo* hearing regarding Francisco J. Ostos-Carrasco's appeal of the refusal of the Department of Transportation, Bureau of Driver Licensing to renew his Commercial Driver's License.

Jurisdiction relinquished.

_____
**JAMES GARDNER COLINS, Senior Judge**