**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant**

v.

**Paul J. BARCO.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 8, 1994.

Decided Sept. 7, 1994.

Publication Ordered March 23, 1995.

Timothy P. Wile and William A. Kuhar, Jr., for appellant.

Daniel P. Beisler, for appellee.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

SMITH, Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from the order of the Court of Common Pleas of Allegheny County which sustained Paul J. Barco's (Licensee) appeal from a six-month commercial driver's license disqualification pursuant to Section 1611 of the Vehicle Code (Code), *as amended*, 75 Pa.C.S. § 1611, based on an Illinois conviction for driving a commercial motor vehicle without a commercial driver's license.[1] The issues raised on appeal are whether the Department satisfied its burden of proof and established a prima facie case to support the six-month disqualification of Licensee's commercial driving privilege under Section 1611(f) of the Code; whether the trial court permitted a collateral attack on the Illinois conviction; and whether the trial court's conclusion that Licensee fell within the exceptions listed in Section 1606(d)(6) of the Code is supported by competent evidence.

At a hearing before the trial court, the Department offered into evidence certified copies of Licensee's Illinois conviction dated August 6, 1992 for driving a commercial motor vehicle on May 22, 1992 without a valid commercial driver's license, notification of disqualification, and commercial driving record. The record fails to demonstrate whether as of May 22, 1992, Licensee possessed a valid Pennsylvania commercial driver's license. Licensee offered into evidence a copy

---

1. Section 1611 provides in part:

(f) Disqualification for failure to have CDL.—The department shall disqualify any person from driving a commercial motor vehicle for six months upon receiving a certified record of the person's conviction of violating section 1606(a) [driving a commercial motor vehicle without a commercial driver's license], except as provided in section 1606(d)(6).

. . . . .

(h) Conviction in Federal court or another state.—For purposes of the provisions of this section, a copy of a certified record of conviction or a copy of a certified record of administrative adjudication from a Federal court or another state for an offense essentially similar to those offenses which would result in disqualification in this section shall be treated by the department as if the conviction had occurred in this Commonwealth.

of a letter dated May 4, 1992 from the West Virginia Department of Transportation, Division of Motor Vehicles, which notified Licensee that his driving privileges were reinstated. Licensee did not testify; however, his attorney explained that in January 1992, the Department sent Licensee a commercial driver's license with no information on it which Licensee returned on January 21, 1992 with a request for a "reissuance"; Licensee discovered he still needed to "complete information in West Virginia on a DUI" for the Department; on May 27, 1992, Licensee sent "to Illinois" proof that his West Virginia license had been reinstated; and on June 17, 1992, Licensee sent his license fee to the Department.

■ The trial court found that Licensee requested reissuance of his Pennsylvania license and the Department refused reissuance in January 1992 because of a DUI charge in West Virginia which invalidated Licensee's license in that state. The court concluded that Licensee complied with the requirements for reinstating his license in West Virginia and had applied for a duplicate Pennsylvania license in accordance with the exceptions listed in Section 1606(d)(6).[2] The trial court sustained Licensee's appeal because a suspension of Licensee's license would serve no reasonable purpose. This Court's scope of review of the trial court's decision is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or abuse of discretion in reaching its decision. *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

The Department argues that it satisfied its burden of proof and established its prima facie case to support the six-month disqualification of Licensee's commercial driving privilege under 75 Pa.C.S. § 1611(f) and that the

trial court allowed an impermissible collateral attack of the underlying conviction. The Department argues that since Section 1611 is conviction-based, the trial court's review of the Department's action should be the same as that related to conviction-based suspension and revocation of non-commercial operator's licenses. The Court agrees with the Department because nowhere in the Code is there any indication of a legislative intent to the contrary and no logical basis exists for conferring a different standard than those pertaining to conviction-based suspension and revocation proceedings. The commercial driver's license provisions are remedial in nature and shall be liberally construed to promote the health, safety and welfare of the public. 72 Pa.C.S. § 1602(b).

■ A licensee may not collaterally attack an underlying criminal conviction in a civil license suspension proceeding. *Commonwealth v. Duffey*, 536 Pa. 436, 639 A.2d 1174 (1994) (license suspension appeal). The only issues are whether the licensee was in fact convicted, and whether the Department acted in accordance with applicable law. *Department of Transportation, Bureau of Driver Licensing v. Tarnopolski*, 533 Pa. 549, 626 A.2d 138 (1993) (license suspension appeal). The trial court cannot consider facts and circumstances surrounding a conviction since the relevant inquiry is whether the licensee was convicted, not whether he or she should have been convicted. *Department of Transportation, Bureau of Driver Licensing v. Rinehart*, 113 Pa.Commonwealth Ct. 452, 537 A.2d 930 (1988) (license revocation appeal).

■ The record indicates that the Department received a certified copy of Licensee's Illinois conviction for driving without a commercial driver's license, and pursuant to the mandatory language of Section 1611(f), the Department was required to disqualify Licensee from driving a commercial motor ve-

---

**2.** Section 1606(d)(6) of the Code became effective April 1, 1992, and provides:

No person shall be convicted of violating subsection (a) if the person produces at the office of the issuing authority within 15 days of the violation:

(i) a commercial driver's license valid in this Commonwealth at the time of the violation; or

(ii) if the commercial driver's license is lost, stolen, destroyed or illegible, evidence that the driver was licensed at the time of the violation and that application for a duplicate license had been made at the time of the violation.

hicle for a period of six months. By presenting the certified conviction to the trial court in Licensee's statutory appeal, the Department established its prima facie case for disqualification under Section 1611. However, Licensee contends that pursuant to this Court's decision in *Department of Transportation, Bureau of Traffic Safety v. Stiver*, 100 Pa.Commonwealth Ct. 573, 515 A.2d 99 (1986), he is allowed to rebut the inferences drawn from any records of conviction produced by the Department. A close reading of *Stiver* reveals that a collateral attack on the underlying conviction was not allowed; the licensee was not permitted to rebut whether the Department properly suspended his driver's license, only whether the suspension in fact existed.[3] Licensee's reliance upon *Stiver* is to no avail; and his arguments have failed to rebut the prima facie case presented by the Department.

Any proof which Licensee possessed to refute the charge of driving without a valid commercial driver's license should have been presented to the Illinois court at the time of the hearing on the merits. Parenthetically, the Court notes that Licensee's Illinois conviction was dated August 6, 1992, over two months after the date on which Licensee contends he sent proof "to Illinois" that his West Virginia driving privileges had been reinstated. To hold otherwise would impermissibly allow Licensee to collaterally attack his conviction at the civil disqualification proceeding. *See Duffey; Rinehart.* Thus the trial court erred in permitting a collateral attack on the underlying basis for the Department's disqualification which was grounded upon Licensee's Illinois conviction for driving without a valid commercial driver's license.

■ The Department next argues that the trial court's conclusion that Licensee came within the exceptions listed in Section 1606(d)(6) is not supported by competent evidence of record. The trial court's finding that Licensee applied for a duplicate license before his citation of May 22, 1992 is not

supported by substantial evidence. The record does not disclose an application for a duplicate driver's license which infers the existence of valid driving privileges; Licensee instead applied for a renewal or reissuance of his license rendering Section 1606(d) exceptions inapplicable. Moreover, Licensee failed to pay his license fee to the Department as required by Sections 1510(a) and 1513(a) of the Code until June 17, 1992 and therefore had not completed the requirements necessary to obtain a valid Pennsylvania license at the time of his citation. Accordingly, the order of the trial court is reversed and the Department's disqualification of Licensee's commercial driving privileges is reinstated.

### ORDER

AND NOW, this 7th day of September, 1994, the order of the Court of Common Pleas of Allegheny County is reversed and the license disqualification issued by the Department of Transportation is hereby reinstated.

FRIEDMAN, J., concurs in the result only.

---

**3.** Licensee's reliance on *Department of Transportation, Bureau of Driver Licensing v. Hoover*, 116 Pa.Commonwealth Ct. 538, 543 A.2d 191 (1988), is also misplaced because *Hoover* concerns the

cancellation of a licensee's license on the basis of an out-of-state suspension, not on the basis of a conviction.