# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy Patterson,                           :
                 Appellant        :
                                :
                v.                       :   No. 1621 C.D. 2015
                                  :   Submitted: March 4, 2016
Commonwealth of Pennsylvania,                :
Department of Transportation,                :
Bureau of Driver Licensing                   :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE COHN JUBELIRER                      FILED: May 11, 2016

Timothy Patterson (Licensee), proceeding pro se, appeals from the July 10, 2015 Order of the Court of Common Pleas of Philadelphia County (common pleas) that denied his appeal from a suspension of his operating privilege for not making regular payments on $142.00 of fines, costs, and restitution due after having been found guilty of a violation of the Vehicle Code (Code).[1]  Finding no error, we affirm.

Licensee was issued citation number MM1777285 (citation) on October 2, 2014, pursuant to Section 1574 of the Code, 75 Pa. C.S. § 1574,[2] for permitting an

---

[1] 75 Pa. C.S. §§ 101-9805.

[2] Section 1574 of the Code provides in pertinent part:

*(Continued…)*

unauthorized person to drive a vehicle owned by him or under his control. (SRR at 28b.[3]) Licensee's outstanding $142.00 fine for that violation was reported to the Department of Transportation (Department) on January 13, 2015. (SRR at 28b-29b.) By Notice dated January 21, 2015, the Department, pursuant to Section 1533 of the Code, 75 Pa. C.S. § 1533,[4] advised Licensee that his operating privilege was

---

**§ 1574. Permitting unauthorized person to drive.**

**(a) General rule.**--No person shall authorize or permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized under this chapter or who is not licensed for the type or class of vehicle to be driven.

* * * *

[3] Licensee is proceeding *in forma pauperis* and therefore was excused from filing a reproduced record. The Department of Transportation filed a Supplemental Reproduced Record to which we refer throughout this opinion.

[4] Section 1533 of the Code provides in pertinent part as follows:

**§ 1533. Suspension of operating privilege for failure to respond to citation.**

**(a) Violations within Commonwealth. –**

The department shall suspend the operating privilege of any person who has failed to respond to a citation or summons to appear before an issuing authority or a court of competent jurisdiction of this Commonwealth for any violation of this title, other than parking, or who has failed to pay any fine, costs or restitution imposed by an issuing authority or such courts for violation of this title, other than parking, upon being duly notified by an issuing authority or a court of this Commonwealth.

* * *

**(d) Period of suspension. –**

*(Continued…)*

2

suspended immediately due to his "fail[ure] to make regular payments . . . for citation number MM1777285 (Amount owed $142.00) issued on 10/02/2014" and that he had the right to appeal the suspension to common pleas (Suspension Notice) (SRR at 25b-26b.) Because Licensee's operating privilege already had been suspended for failure to provide proof of financial responsibility, the Department included an immediate suspension of his operating privilege for this citation. (SRR at 25b, 37b.)

Licensee appealed his suspension to common pleas, and a hearing was scheduled for July 10, 2015. (SRR at 4b-9b.) Licensee did not appear for the July 10, 2015 hearing. (SRR at 50b.) At the hearing, the Department introduced a packet of documents certified by the Director of the Department's Bureau of Driver Licensing. The packet contained Licensee's driving record, the notification of Licensee's outstanding $142.00 fine received by the Department on January 13, 2015, and the Suspension Notice. (SRR at 24b-41b, 50b.) On this basis, common pleas entered the July 10, 2015 Order that denied Licensee's appeal and reinstated the suspension of his operating privilege. (SRR at 42b, 50b.)

Licensee appealed to this Court, and common pleas directed him to file a concise statement of errors complained of on appeal per Rule 1925(b) of the

---

The suspension shall continue until such person shall respond to the citation, summons or writ, as the case may be, and pay all fines, restitution and penalties imposed or enter into an agreement to make installment payments for the fines, restitution and penalties imposed provided that the suspension may be reimposed by the department if the defendant fails to make regular installment payments and, if applicable, pay the fee prescribed in section 1960 (relating to reinstatement of operating privilege or vehicle registration).

75 Pa. C.S. § 1533(a)(d).

Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(b).[5] Licensee, acting pro se, filed a Rule 1925(b) statement (Statement), but did not identify any errors or issues in common pleas' decision reinstating the suspension of his operating privilege, as required. Instead, Licensee argued that the Philadelphia Traffic Court should not have found him guilty of the underlying citation that formed the basis of his operating privilege suspension, as well as three other citations that were not before common pleas in Licensee's appeal. (SRR at 48b-51b.)

Common pleas issued an Opinion in support of its Order on October 13, 2015. Noting that Licensee's Statement did not identify any errors in its decision to reinstate the suspension, common pleas nonetheless addressed the merits of Licensee's suspension. Pursuant to the Code, the Department shall suspend the

---

[5] **Rule 1925. Opinion in Support of Order**

**(a) Opinion in support of order.**

(1) *General rule.*--Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

* * *

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.--**If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

Pa.R.A.P. 1925(a),(b).

operating privilege of any person who has failed to pay any fine imposed for a violation of the Code, 75 Pa. C.S. § 1533(a), and a licensee can abate the suspension by paying the fine or by making regular installment payments, 75 Pa. C.S. § 1533(d). Based on the Department's submission of Licensee's certified driving record, common pleas held that the Department presented evidence sufficient to establish that Licensee was found guilty of the offense alleged in the citation, and that he had failed to pay the $142.00 fine or to make regular installment payments toward that goal. (Common Pleas Op. at 1). Common pleas explained to Licensee, that:

> In the present case, [Licensee] misunderstands the issue before the court. Contrary to his statement of matter complained of on appeal, the issue before the court is not whether or not the Traffic Court erred in finding him guilty of the underlying unpaid traffic citation. Rather, the issue before the court is whether or not he was found guilty. As noted above, the Department presented sufficient evidence to meet its burden of proving that the Traffic Court had found [Licensee] guilty and that he had failed to meet the financial obligations associated with the citation. Additionally, [Licensee] failed to provide any explanation for why he failed to appear at the July 10, 2015 trial.

(Common Pleas Op. at 2).

Licensee appealed to this Court[6] and raises the same or similar arguments to those expressed in his Statement which essentially challenge his underlying conviction. He challenges the veracity of the officer who arrested him for the violation and raises other factual issues regarding his guilt. As before common pleas, he does not present any arguments or identify any errors in common pleas'

---

[6] Our review is limited to determining if common pleas' findings of fact are supported by substantial evidence or if common pleas committed an error of law or an abuse of discretion. Dick v. Department of Transportation, Bureau of Driver Licensing, 3 A.3d 703, 706 n.4 (Pa. Cmwlth. 2010).

5

decision denying his appeal and reinstating his suspension. In response, the Department argues that it properly suspended Licensee's operating privilege pursuant to 75 Pa. C.S. § 1533; that it met its burden to establish a prima facie case that Licensee's suspension was warranted; that as Licensee failed to appear he did not rebut that showing; and that Licensee's arguments are an impermissible collateral attack on the conviction underlying the unpaid fine and suspension. In sum, the Department contends that common pleas correctly concluded that Licensee was found guilty of violating 75 Pa. C.S. § 1574 and failed to pay the $142.00 fine or to at least make regular payments.

In Dick v. Department of Transportation, Bureau of Driver Licensing, 3 A.3d 703 (Pa. Cmwlth. 2010), we described the statutory suspension appeal process as follows:

> Once DOT introduces certified conviction records showing that a licensee's record merits a suspension, it has established a prima facie case and the burden shifts to the licensee, who must then prove by clear and convincing evidence that the conviction did not occur. Roselle v. Department of Transportation, Bureau of Driver Licensing, 865 A.2d 308, 314 (Pa. Cmwlth. 2005); Glidden v. Department of Transportation, Bureau of Driver Licensing, 962 A.2d 9, 12 (Pa. Cmwlth. 2008). Clear and convincing evidence is defined as "evidence that is so clear and direct as to permit the trier of fact to reach a clear conviction, without hesitancy, as to the truth of the facts at issue." Mateskovich v. Department of Transportation, Bureau of Driver Licensing, 755 A.2d 100, 102 n.6 (Pa. Cmwlth. 2000) (quoting Sharon Steel Corporation v. Workmen's Compensation Appeal Board, 670 A.2d 1194, 1199 (Pa. Cmwlth. 1996)). To rebut a prima facie case established by a certified conviction record, the licensee must either challenge the regularity of the record, or introduce direct evidence showing that the record is incorrect and that the conviction was never entered. Id. at 102.

Dick, 3 A.3d at 707.

6

The Department introduced into evidence in this case the packet of certified records described above. Common pleas correctly concluded that through those records "the Department presented sufficient evidence to meet its burden of proving that the Traffic Court had found [Licensee] guilty and that he had failed to meet the financial obligations associated with the citation." (Common Pleas Op. at 2.) Under Dick, the burden then shifted to Licensee to rebut the Department's prima facie case. However, as Licensee failed to appear for the hearing and did not provide any justification for this failure, there was no rebuttal to the Department's prima facie case. Given this, we conclude that common pleas correctly found sufficient evidence to establish the suspension of Licensee's operating privilege was warranted.

Licensee's arguments to this court do not address whether and how common pleas erred when it concluded that Licensee was found guilty of violating 75 Pa. C.S. § 1574 and that he failed to pay the $142.00 fine or to at least make regular payments. Instead, as he did before common pleas, Licensee challenges the underlying citation (as well as three other citations) on the merits and challenges his conviction for violating 75 Pa. C.S. § 1574. We held in Dick that:

> On an appeal from a DOT suspension . . . a trial court must limit itself to determining whether the conviction in question actually occurred, and may not entertain a collateral attack on the validity of the underlying conviction. See Aten v. Department of Transportation, Bureau of Driver Licensing, . . . 649 A.2d 732, 735 ([Pa. Cmwlth.] 1994). The trial court may not conduct any inquiry into whether the licensee *should* have been convicted. Department of Transportation, Bureau of Driver Licensing v. Barco, 656 A.2d 544, 546 (Pa. Cmwlth. 1994).

Dick, 3 A.3d at 709 (emphasis in original).

7

It is clear that Licensee wishes to collaterally attack the validity of the conviction underlying his operating privilege suspension and three other convictions. However, he must do so by appealing from those convictions, not by challenging his suspension. Common pleas correctly held that the Department supported its suspension of Licensee's operating privilege. As Licensee makes the same or similar arguments here, the same result obtains. For these reasons, common pleas' July 10, 2015 Order is affirmed.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy Patterson,                                      :
                          Appellant      :
                                       :
                v.                    :     No. 1621 C.D. 2015
                                         :
Commonwealth of Pennsylvania,                          :
Department of Transportation,                          :
Bureau of Driver Licensing                             :

# **O R D E R**

      NOW, this 11th day of May, 2016, the July 10, 2015 Order of the Court of Common Pleas of Philadelphia County is AFFIRMED.

                                      _____

                                      **RENÉE COHN JUBELIRER,** Judge