IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Spencer Harding                           :
                                          :
        v.                                :   No. 918 C.D. 2021
                                          :   Submitted:  March 25, 2022
Commonwealth of Pennsylvania,             :
Department of Transportation,             :
Bureau of Driver Licensing,               :
                    Appellant             :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                             FILED:  June 27, 2022

        The Department of Transportation, Bureau of Driver Licensing (DOT),
appeals from the July 28, 2021 Order of the Court of Common Pleas of Cumberland
County (Trial Court) sustaining the statutory appeal of Spencer Harding (Licensee)
from the one-year suspension of his operating privilege imposed by DOT pursuant
to Section 1543 of the Vehicle Code, 75 Pa. C.S. § 1543, for driving with a
suspended license.[1]  DOT asserts that the Trial Court erred in allowing Licensee to

---

[1] Section 1543 of the Vehicle Code states in relevant part:

**(a) Offense defined.**— . . . [A]*ny person who drives a motor vehicle on any
highway or trafficway of this Commonwealth after the commencement of a
suspension, revocation or cancellation of the operating privilege and before the
operating privilege has been restored is guilty of a summary offense* and shall, upon
conviction or adjudication of delinquency, be sentenced to pay a fine of $200.

. . . .

**(Footnote continued on next page…)**

collaterally attack his underlying criminal conviction. We agree and, therefore, we reverse the Trial Court's Order and direct DOT to reinstate the one-year suspension of Licensee's operating privilege.

## Background

On March 24, 2020, DOT issued an Official Notice of Suspension (March 2020 Notice) to Licensee, imposing a suspension of Licensee's operating privilege pursuant to Section 1533 of the Vehicle Code, 75 Pa. C.S. § 1533,[2] for failure to pay

---

**(c) Suspension or revocation of operating privilege.**—Upon receiving a certified record of the conviction or adjudication of delinquency of any person under this section, [*DOT*] *shall suspend or revoke that person's operating privilege as follows*:

> (1) If [DOT's] records show that the person was under suspension, recall or cancellation on the date of violation, and had not been restored, *[DOT] shall suspend the person's operating privilege for an additional one-year period.*

75 Pa. C.S. § 1543(a) & (c)(1) (emphasis added).

[2] Section 1533 of the Vehicle Code states in relevant part:

**(a) Violations within Commonwealth.**—[*DOT*] *shall suspend the operating privilege of any person who has failed to respond to a citation or summons to appear before an issuing authority or a court of competent jurisdiction of this Commonwealth for any violation of this title*, other than parking, *or who has failed to pay any fine, costs or restitution imposed by an issuing authority or such courts for violation of this title*, other than parking, upon being duly notified by an issuing authority or a court of this Commonwealth.

. . . .

**(d) Period of suspension.**—*The suspension shall continue until such person shall respond to the citation, summons or writ, as the case may be, and pay all fines, restitution and penalties imposed* or enter into an agreement to make installment payments for the fines, restitution and penalties imposed[,] provided that the suspension may be reimposed by [DOT] if the defendant fails to make regular installment payments and, if applicable, pay the fee prescribed in [S]ection 1960

**(Footnote continued on next page…)**

2

fines and costs on a citation issued to Licensee on May 15, 2019. The suspension became effective on April 14, 2020.[3]

On October 9, 2020, Licensee received a citation for driving with a suspended license, and he was subsequently convicted of that offense on December 8, 2020.

Upon receiving a certified record of Licensee's conviction, on December 16, 2020, DOT mailed an Official Notice of Suspension (December 2020 Notice) to Licensee, suspending his operating privilege for one year effective January 20, 2021. The December 2020 Notice stated that the suspension was imposed pursuant to Section 1543 of the Vehicle Code, 75 Pa. C.S. § 1543, due to Licensee's conviction on December 8, 2020 for driving with a suspended license.

Licensee timely appealed to the Trial Court, which held a *de novo* hearing on July 26, 2021. At the hearing, DOT submitted certified documents showing that Licensee received a citation on October 9, 2020 for driving with a suspended license

---

[of the Vehicle Code, 75 Pa. C.S. § 1960] (relating to reinstatement of operating privilege or vehicle registration).

75 Pa. C.S. § 1533(a) & (d) (emphasis added).

[3] The March 2020 Notice stated:

This citation is a result of your violation of Section 4581 of the . . . Vehicle Code[, 75 Pa. C.S. § 4581,]: SEATBELT VIOLATION.

This suspension means that *you will not be allowed to drive a motor vehicle on or after 04/14/2020 unless you are notified in writing by* []*DOT that your driving privilege is restored*.

. . . .

Remember, this is an OFFICIAL NOTICE OF SUSPENSION. You must resume your payment schedule before 04/14/2020.

Notes of Testimony (N.T.), 7/26/21, Ex. C-1 (capitalization in original) (emphasis added).

3

and that Licensee was convicted of that offense on December 8, 2020. DOT also submitted the March 2020 Notice, the December 2020 Notice, and Licensee's certified driving history. N.T., 7/26/21, at 3-4 & Ex. C-1. The Trial Court admitted the documents into evidence, and DOT rested. *Id.* at 6.

Licensee, appearing *pro se*, testified as follows:

> The very first ticket that happened at the end of 2019, I believe, was a driving ticket that I was on a payment plan for, for a nice amount of time. And then 2020 hit, and then that's when C[OVID], you know, did its thing. And I was no longer able to pay for the ticket that I was given because I lost my job for four months. Within the four months, unfortunately, I did forget about the ticket, and I had stopped paying on it, which was then a [$39] remaining ticket. I was driving for months . . . unaware of my license being suspended or there being a warrant out for my arrest for the [$39] ticket that I forgot to continue on.

*Id.* at 8-9.

Licensee testified that in October 2020, a police officer pulled him over and informed him that his license was suspended and there was a warrant out for his arrest. *Id.* at 9. Licensee testified, however, that he "never [received] a warning, never a notice, nothing in the mail telling [him] that [there was] a warrant and [his] license [was] suspended." *Id.*

Licensee then testified that he went to the courthouse to pay the $39 ticket in order to get his license back. *Id.* He testified that he was informed that he would receive a court date within two or three weeks. *Id.* Licensee testified, however, that he never received notice of a court date in the mail; he only received a notice stating that he missed his court date.[4] *Id.* Licensee testified: "[Because] I missed a court

---

[4] It is unclear from Licensee's testimony which "court date" he was referencing. However, the record shows that Licensee failed to appear at the December 8, 2020 trial wherein he was convicted of violating Section 1543 of the Vehicle Code. *See* Appeal Pet., 1/13/21, at 6 (Order **(Footnote continued on next page…)**

4

date, my license then got suspended again on a court date that I never got, and that's why I am appealing my license being suspended, because I was never given the court date in the first place." *Id.* at 9-10. He further testified that he checked his mail "every day," he had been in and out of court since he was 21 years old (he was then 25 years old), and he never missed a court date before. *Id.* at 10. Finally, Licensee testified that he works at an axe throwing company, he needs his car for work, and "it has been a struggle to not be able to accomplish [his] work duties because of mailing issues." *Id.* at 11-12.

At the conclusion of the hearing, the Trial Court orally sustained Licensee's appeal. *Id.* at 13. DOT's counsel immediately moved for reconsideration, after which the following exchange occurred:

> [DOT's Counsel]: Your Honor, the law here is very clear. [DOT] has met its burden. [DOT's] records are entitled to a presumption of correction, and [Licensee] can only overcome that by [] clear and convincing evidence. He submitted no evidence that there is anything wrong with our documents. I am at a loss to understand how the [Trial] Court can just so easily flout what is very clear and established law that says [DOT] has met its burden here.
>
> [Trial] Court: Then this won't be the first time that I have been appealed. It won't be the first time that somebody has found me wrong. But, under the circumstances of this case, that's what I am doing.

*Id.* at 13-14.

In its subsequent Pa.R.A.P. 1925(a) Opinion, the Trial Court determined, based on Licensee's credible testimony, that his underlying criminal conviction was "unsound." Trial Ct. Op., 9/9/21, at 1. The Trial Court acknowledged that our case

---

Imposing Sentence) (notifying Licensee that "[o]n December 08, 2020, your trial on the above charge(s) was held in the Magisterial District Court listed above in your absence" and "[y]ou were found guilty").

law holds that the Trial Court lacks authority to review a licensee's underlying conviction in a license suspension appeal. *Id.* at 1-2. However, the Trial Court nonetheless concluded:

> The predicate suspension for this offense had been imposed under [Section 1533(a) of the Vehicle Code,] 75 Pa.[]C.S. §[]1533(a) (failure to respond to citation). Crediting [Licensee's] testimony that he was denied the notice required by [Section] 1533(c)[of the Vehicle Code],[5] we found . . . the resulting conviction under [Section] 1543(a) [of the Vehicle Code improper], and so the suspension *sub judice*.

*Id.* at 1 n.1. The Trial Court further explained its reasoning as follows:

> [A]s [DOT] is well aware, many similar[ly] situated [licensees], who are fortunate enough to be represented by counsel, file *nunc pro tunc* appeals of their underlying convictions. Indeed, counsel for [DOT] acknowledged that at the time of the hearing. Of course, the [Trial C]ourt is not permitted to give such legal advice. Noteworthy, we have signed numerous continuance orders in the past when [licensees] have filed *nunc pro tunc* appeals [from] their underlying convictions. [DOT] never opposed those continuances and may have suggested more than a few of them.
>
> In that light, with a self[-]represented [Licensee] who should not have been convicted and could not afford an attorney, we attempted to cut the Gordian Knot that was tied as much by [DOT] as by [Licensee]. Obviously, our hope that cooler heads would prevail and that an appeal would not be filed was quixotic. Sadly, it appears that [DOT] is more interested in being vindicated than in administering justice. Perhaps[] that is harsh? And[] perhaps this is one of those cases where our ruling

---

[5] Section 1533(c) of the Vehicle Code states:

At least 15 days before an issuing authority or court notifies [DOT] to impose a suspension pursuant to [Section 1533(a)], *the issuing authority or court shall notify the person in writing of the requirement to respond to the citation and pay all fines, restitution and penalties imposed by the issuing authority or court.*

75 Pa. C.S. § 1533(c) (emphasis added).

is distasteful?  Regardless, we are constrained to agree with [DOT's] reading of the law.

*Id.* at 2-3.  DOT now appeals to this Court.[6]

### Analysis

DOT asserts that the Trial Court erred in sustaining Licensee's appeal because DOT's unrefuted evidence established that Licensee was convicted on December 8, 2020 for driving with a suspended license and Licensee failed to show by clear and convincing evidence that he was not so convicted.[7]  We agree.

When a license suspension is based on a conviction, the only issues that may be considered on appeal are: (1) whether the licensee was actually convicted; and (2) whether DOT acted in accordance with applicable law in imposing the suspension.  *Dep't of Transp., Bureau of Driver Licensing v. Barco*, 656 A.2d 544, 546 (Pa. Cmwlth. 1994).  "Once DOT introduces certified conviction records showing that a licensee's record merits a suspension, it has established a prima facie case and the burden shifts to the licensee, who must then prove by clear and convincing evidence that the conviction did not occur."  *Dick v. Dep't of Transp., Bureau of Driver Licensing*, 3 A.3d 703, 707 (Pa. Cmwlth. 2010).  To rebut DOT's prima facie case, the licensee must either challenge the regularity of the record or introduce evidence showing that the record is incorrect and the conviction was never entered.  *Id.*

---

[6] Our review is limited to determining whether the Trial Court's findings were supported by substantial evidence, whether an error of law was committed, or whether the Trial Court abused its discretion.  *Reinhart v. Dep't of Transp., Bureau of Driver Licensing*, 954 A.2d 761, 765 n.3 (Pa. Cmwlth. 2008).

[7] On March 29, 2022, this Court precluded Licensee from filing an appellate brief because he failed to comply with our prior Order directing him to file a brief within 14 days.

7

Furthermore, it is well settled that "[a] licensee may not collaterally attack an underlying criminal conviction in a civil license suspension proceeding." *Barco*, 656 A.2d at 546. Thus, in a license suspension appeal, the trial court must limit its inquiry to "whether the conviction in question actually occurred" and "may not conduct any inquiry into whether the licensee *should* have been convicted." *Dick*, 3 A.3d at 709 (emphasis in original).

Here, DOT proved its *prima facie* case by introducing certified documents showing that Licensee received a citation on October 9, 2020 for driving with a suspended license and that he was convicted of that offense on December 8, 2020. *See Dep't of Transp., Bureau of Driver Licensing v. Diamond*, 616 A.2d 1105, 1107 (Pa. Cmwlth. 1992) ("[O]nce DOT has introduced, via a certified record, evidence of a conviction, DOT has met its burden of production and established a rebuttable presumption that a conviction exists."). Licensee offered no evidence, let alone clear and convincing evidence, to rebut DOT's *prima facie* case. Instead, Licensee testified that he did not know his license was suspended when he was pulled over on October 9, 2020, and that he never received notice of his court date. N.T., 7/26/21, at 9-10. However, in a license suspension appeal, such testimony was an impermissible collateral attack on Licensee's underlying conviction.[8] Therefore, we conclude that the Trial Court erred in considering Licensee's evidence regarding his underlying conviction and sustaining Licensee's appeal based on that evidence.

## Conclusion

In a license suspension appeal, the Trial Court's inquiry is limited to whether Licensee was in fact convicted, not whether he should have been convicted. While

---

[8] Even though Licensee testified that he received notice of the December 8, 2020 conviction, *see* N.T., 7/26/21, at 9; Appeal Pet., 1/31/21, at 6-7, he did not timely appeal the conviction or seek to appeal it *nunc pro tunc*.

8

this Court understands the reason for the Trial Court's sympathy with Licensee's situation, it was inappropriate for the Trial Court to entertain an untimely *nunc pro tunc* appeal of Licensee's underlying conviction under the guise of judicial economy and then to *sua sponte* find in Licensee's favor. If this Court were to affirm the Trial Court's decision in this case, it would create a legal slippery slope resulting in inconsistent outcomes in future litigation of this nature.

Accordingly, we reverse the Trial Court's Order and direct DOT to reinstate the one-year suspension of Licensee's operating privilege imposed pursuant to Section 1543 of the Vehicle Code, 75 Pa. C.S. § 1543.


_____
ELLEN CEISLER, Judge

President Judge Cohn Jubelirer dissents and wishes to be so noted.
Judge Wallace did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Spencer Harding              :
                                     :
      v.                     :  No. 918 C.D. 2021
                                       :
Commonwealth of Pennsylvania,   :
Department of Transportation,    :
Bureau of Driver Licensing,      :
              Appellant      :

# **O R D E R**

AND NOW, this 27th day of June, 2022, the Order of the Court of Common Pleas of Cumberland County, entered July 28, 2021, is hereby REVERSED, and the Department of Transportation, Bureau of Driver Licensing, is hereby DIRECTED TO REINSTATE the one-year suspension of Spencer Harding's operating privilege imposed pursuant to Section 1543 of the Vehicle Code, 75 Pa. C.S. § 1543.

                                        _____

                                        ELLEN CEISLER, Judge